IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 25-cv-01191-NYW

RYAN LOWMASTER,

    Applicant,

v.

JONES,

    Respondent.

## ORDER

On June 6, 2025, Applicant Ryan Lowmaster ("Mr. Lowmaster" or "Applicant") filed a "Motion to Compel previous defense counsel to surrender the case file pertaining to 6:22-cr-10012" ("Motion to Compel"). [Doc. 18]. The Court must construe the Motion to Compel and other documents filed by Mr. Lowmaster liberally because he is a pro se party not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot and does not advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110. For the reasons set forth below, Applicant's Motion to Compel is respectfully **DENIED**.

Mr. Lowmaster is a federal prisoner, currently incarcerated at the Florence Federal Correctional Institution in Florence, Colorado. On April 14, 2025, he submitted pro se Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, [Doc. 1], asserting a claim based on a Financial Responsibility program error. On May 12, 2025, Respondent was ordered to show cause why the habeas application should not be granted. [Doc. 10].

Respondent filed its Response to Order to Show Cause ("Response") on June 2, 2025, arguing that Applicant's claim is not a challenge to his federal custody as required by § 2241 and, regardless, lacks merit.  [Doc. 17].

In Mr. Lowmaster's Motion to Compel, he requests that the Court compel his previous defense counsel to release the case/work file she created in representing Mr. Lowmaster.  [Doc. 18].  Mr. Lowmaster makes allegations that he needs the case or work file because it includes "extensive facts that are of major importance to both of the applicants [sic] civil actions currently before the Court."  [*Id.* at 2].

The Court liberally construes Mr. Lowmaster's Motion to Compel as a motion for discovery in this habeas action.  Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts[1] provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."  Pursuant to Rule 6(b), "[a] party requesting discovery must provide reasons for the request."  Mr. Lowmaster has not provided any legitimate reason, and the Court cannot perceive any reason, why his previous defense counsel's case or work file would be needed or helpful regarding this current § 2241 habeas action, which involves the BOP's Inmate Financial Responsibility Program.  It appears that the Court can resolve the § 2241 Application based on the existing record, so discovery is not warranted.  As stated in the Court's May 12, 2025 Order, [Doc. 10], Mr. Lowmaster may file a reply to the Response.

---

[1] A "district court may apply any or all of these rules to a habeas corpus petition not covered by [§ 2254]."  Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

2

Finally, the Court notes that Mr. Lowmaster may be able to pursue obtaining his defense counsel's case or work file by filing a motion in his criminal case.

For the reasons set forth herein, it is **ORDERED** that Applicant's "Motion to Compel previous defense counsel to surrender the case file pertaining to 6:22-cr-10012," [Doc. 18], liberally construed as a motion for discovery, is **DENIED**. It is further **ORDERED** that the Clerk of Court shall mail a copy of this Order to:

>	Ryan Lowmaster, #24595-031
>	Florence Federal Correctional Institution
>	Inmate Mail/Parcels
>	PO Box 6000
>	Florence, CO 81226.

DATED:  July 9, 2025

BY THE COURT:

_____
Nina Y. Wang
United States District Judge